IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CODY DELANEY, | ) |
| *Defendant-Movant*, | ) No. 18 C 2328 |
| v. | ) Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff-Respondent*. | ) |

**MEMORANDUM OPINION AND ORDER**

Cody Delaney, a federal prisoner, moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. 1), contending that he received ineffective assistance of counsel when his trial attorney failed to challenge his dangerous weapon sentence enhancement. Delaney claims that because of the enhancement, the Bureau of Prisons (BOP) denied him consideration for early release through its Residential Drug and Alcohol Treatment Program (RDAP). Because Delaney received the effective assistance of counsel, the Court denies his motion (Dkt. 1).

BACKGROUND

Beginning no later than August 2014, Delaney worked for the United States Postal Service as a Mail Handler Assistant in Chicago, Illinois. *See United States v. Delaney*, No. 15 CR 561, Dkt. 42 at 1–2. On various occasions between July 13, 2015 and August 22, 2015, Delaney identified parcels he believed contained controlled substances and redirected the parcels to addresses accessible to him. *Id.* at 3. In

addition, Delaney stole the contents of mail parcels while at work and used the U.S. postal system to ship drugs to his home address. *Id.* at 3. During the execution of a search warrant at Delaney's residence on September 17, 2015, investigators recovered drugs, drug paraphernalia, approximately $17,000, and a 9 mm handgun. *Id.* at 4.

On October 19, 2016, Delaney pleaded guilty to the attempted possession of a mixture and substance with a detectable amount of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. *Id.* at 2. In the plea agreement, Delaney acknowledged an anticipated Sentencing Guidelines range of 135 to 168 months, resulting in part from a U.S.S.G. § 2D1.1(b)(1) enhancement because he "possessed a firearm during the commission of the offense." *Id.* at 6.

On January 9, 2017, the Probation Office issued its Presentence Investigation Report (PSR), which included the dangerous weapon enhancement because Delaney "admitted the firearm was possessed in conjunction with the offense." *See United States v. Delaney*, No. 15 CR 561, Dkt. 44, ¶ 22. Notwithstanding the enhancement, the Guidelines recommendation was 60 months because of the maximum statutory penalty for the offense. *See id.* at Dkt. 49, ¶ 2. Ultimately, the Probation Office recommended a sentence of 48 months. *See id.* at Dkt. 45, p. 1.

Following the Probation Office's initial report, Delaney's trial attorney filed a sentencing memorandum that did not contest the PSR's sentence enhancement; however, the attorney argued that because Delaney did not harm or threaten anyone with the weapon, he should not be considered a dangerous criminal for his character

assessment. *See id.* at Dkt. 57, p. 8. On April 26, 2017, this Court sentenced Delaney to 48 months imprisonment and three years of supervised release. *See id.* at Dkt. 62, p. 2. The Court recommended that Delaney participate in RDAP. *Id.* at 2–3. Delaney did not appeal his conviction or sentence, but he timely moved under § 2255 on March 30, 2018. (Dkt. 1.)

**STANDARD OF REVIEW**

A federal prisoner may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes the sentence violated the Constitution, the court lacked jurisdiction to impose such a sentence, the sentence exceeded the maximum permitted by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. The Court may grant a § 2255 motion alleging ineffective assistance of counsel only in the most "extraordinary circumstances . . . where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013).

To establish his claim, Delaney must show that: (1) his attorney's performance fell "below an objective standard of reasonableness" compared to "prevailing professional norms"; and (2) "but for counsel's unprofessional error's the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the plea negotiation context, the differing result would be electing a trial over a guilty plea, *see Hill v. Lockhart*, 474 U.S. 52, 58 (1985), or negotiating a more favorable plea deal, *see Brock-Miller v. United States*, 887 F.3d 298, 313 (7th Cir. 2018) (citing *Missouri v. Frye*, 566 U.S. 134, 147 (2012)).

## ANALYSIS

Delaney contends the BOP denied him early release because his sentence included a dangerous weapon enhancement. (Dkt. 1 at 5.) His legal claim is ineffective assistance because his counsel conceded the enhancement. *Id.* Specifically, Delaney takes issue with the PSR's statement that the "defendant . . . admitted the firearm was possessed in conjunction with the offense committed." *Id.* Delaney contends he made no such admission and faults his trial counsel for not contesting the reference. *Id.*

As a preliminary matter, the motion lacks merit on its face because the record clearly reflects Delaney's multiple admissions to the firearm possession. (Dkt. 42 at 4, 6.) Delaney argues that possession of the firearm is not among the "specific admissions" made in the "pertinent part" of his plea agreement. (Dkt. 1 at 5.) But he simultaneously ignores reference to the firearm as an item discovered in his residence during the search. (Dkt. 42 at 4.) This reference to the firearm follows the statement: "defendant admits the following facts." *Id.* at 2.

Furthermore, Delaney's plea agreement expressly acknowledges the applicability of the § 2D1.1(b)(1) weapon enhancement because "[Delaney] possessed a firearm during the commission of the offense." *Id.* at 6. Delaney and his trial counsel signed the plea agreement on October 19, 2016, acknowledging that Delaney reviewed each provision with his attorney and voluntarily accepted every term and condition. *Id.* at 16. Because Delaney admitted to possessing a firearm in connection

with his offense, his ineffective assistance claim cannot stem from the failure to challenge use of his admissions in subsequent proceedings.

Construing the motion more liberally on his behalf, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating "courts are required to give liberal construction to pro se pleadings"), the Court will assume the claim relates more generally to ineffective assistance during the plea negotiations, *see Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (finding defendants are entitled to "the effective assistance of competent counsel" during plea negotiations). Even then, the claim remains inadequate because counsel competently performed during the plea negotiations and the weapon enhancement did not prejudice his sentence.

I. **Counsel's Performance**

Analyzing the ineffective assistance claim more comprehensively, the Court assumes Delaney intended to challenge either (1) counsel's failure to contest the characterization of the weapon, or (2) counsel's failure to advise him of the admission's consequences. Counsel was not deficient in either respect.

Counsel could have contested the characterization of the weapon as being possessed "in connection with the offense." But because law enforcement discovered both the firearm and drugs in Delaney's home, a competent trial attorney would not have contested its characterization. The Seventh Circuit has applied the weapon possession enhancement broadly in analogous circumstances. *See, e.g., United States v. Willis*, 868 F.3d 549, 557 (7th Cir. 2017) (applying enhancement where a handgun was found in the closet of room shared between co-conspirators while drugs were found

elsewhere in the house); *United States v. Gutierrez-Ruiz*, 184 F. App'x 564, 568 (7th Cir. 2006) (applying the enhancement where a gun was found in the defendant's bedroom while drugs were found in his garage). Because the application of the weapon enhancement was squarely within relevant parameters, it was not a divergence from professional norms for an attorney to concede its applicability during plea negotiations. Therefore, Delaney cannot claim ineffective assistance because his counsel failed to raise an unjustified objection to plea agreement terms. *See Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) (finding effective assistance under a "highly deferential" standard of scrutiny where a trial attorney forwent futile evidentiary challenges).

That said, counsel had a duty to apprise Delaney of the guilty plea's sentencing consequences. *See Brock-Miller*, 887 F.3d at 308. In *Brock-Miller*, the Seventh Circuit held that effectiveness during plea negotiations requires a full inquiry into relevant sentencing enhancements and accurate advice regarding potential sentences. *Id.* at 308–09. *Brock-Miller* may therefore suggest that counsel had a duty to understand the BOP regulation and advise his client that a weapon possession admission would render him ineligible for early release. *See* 28 C.F.R. § 550.55(b)(5)(ii) (stating an inmate is rendered ineligible for RDAP early release if convicted of an offense that "involved the . . . possession, or use of a firearm"). Applying *Brock-Miller* to this case, however, becomes attenuated because that case relates to the terms of the sentence and not to subsequent circumstances of imprisonment. There is neither precedent

nor rationale for extending a counsel's duty of performance to include advising the defendant of a plea deal's post-sentencing consequences.[1]

## II. Prejudice to Sentencing

The enhancement did not prejudice Delaney's sentence, and even if it did, the prejudice would be outside the scope of a § 2255 motion. First, because Delaney claims prejudice in the conditions of his imprisonment, his claim is outside the scope of a constitutional sentencing challenge. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (stating that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Appellate courts have rejected the argument that early release opportunities should be considered in a constitutional challenge to sentencing. *See Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007); *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000).

The *Greenholtz* Court clarified, however, that if a statute created an "expectancy of release" then such an expectancy could be afforded some degree of constitutional protection. 442 U.S. at 12. The Court relied on the state parole statute's use of the word "shall" as creating an obligation to grant parole under certain circumstances, thus creating an expectation of release. *Id.* at 19. In this case, the statute authorizing RDAP early release does not contain obligatory language; instead, it states that the BOP "may" reduce a prisoner's time in custody upon successful

---

[1] A trial attorney does have the duty to inform the defendant if deportation is a post-sentencing consequence. *See Padilla v. Kentucky*, 559 U.S. 356, 357 (2010). But the Seventh Circuit has cabined the *Padilla* rule to circumstances of deportation. *See United States v. Reeves*, 695 F.3d 637, 640 (7th Cir. 2012).

completion of the program. *See* 18 U.S.C. § 3621(e)(2). Therefore, Delaney's opportunity for early release is not part and parcel of his sentence for the purpose of a § 2255 motion.

Second, even if Delaney could implicate the conditions of early release in his challenge and his counsel had performed deficiently, Delaney suffered no prejudice. To claim prejudice in sentencing, Delaney must show that but for his counsel's deficient performance, he would have gone to trial or negotiated a better deal. *See Brock-Miller*, 887 F.3d at 313; *Hill*, 474 U.S. at 58. Here, Delaney could argue that effective counsel would have attempted to negotiate omitting the weapon possession. But Delaney must do more than identify a flaw in the negotiations; he must show that the more favorable plea was the realistic and likely result of correcting the flaw. *See Schneider v. United States*, 864 F.3d 518, 522–533 (7th Cir. 2017) (finding no prejudice where an attorney failed to challenge a plea agreement error because the sentence would have remained the same). Given the facts in this case, negotiating to omit the weapon possession would have been futile. Also, Delaney cannot maintain with a straight face that he would have elected a trial over a plea agreement to contest the issue. It is equally unlikely that he would have been successful at trial had he done so. Delaney suffered no prejudice and his claim therefore fails.

## CONCLUSION

Because counsel performed effectively during plea negotiations and the weapon enhancement did not prejudice Delaney's sentence, the Court denies his motion (Dkt. 1) to vacate, set aside, or correct his sentence.

Date: March 8, 2019

Virginia M. Kendall
United States District Judge